# United States District Court
### EASTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA**
    v.

    JESSE RONDALE BAILEY
        *Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 3:06-CR-145
(PHILLIPS/GUYTON)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on May 17, 2007. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
        [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
        [ ] an offense for which the maximum sentence is life imprisonment or death.
        [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in [Part I applicable statute][1]
        [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
[ ]    (4)    Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[X]    (1)    There is probable cause to believe that the defendant has committed an offense
        [X] for which a maximum term of imprisonment of ten years or more is prescribed.
        [ ] under 18 U.S.C. § 924(c).
[X]    (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[X]    (1)    There is a serious risk that the defendant will not appear.
[X]    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

      The Pretrial Services Report, and the recommendation of detention, (Exhibit 1 to the hearing) is attached hereto and relied upon by the Court. The defendant has two prior felony convictions involving crimes of violence; he received multiple convictions while on bond previously; he has a prior conviction for failure to appear; the nature of the present alleged offenses are inherently dangerous; the defendant, facing a minimum mandatory sentence of twenty (20) years, and up to life, has strong incentive to flight. The legal presumption in favor of detention applies in this case, and it has not been rebutted.

      The evidence and other information provided at the hearing established by a preponderance of the evidence that the defendant is a serious risk to not appear at trial, and by clear and convincing evidence that the defendant poses a serious risk of danger to another person or the community. Accordingly, no condition or combination of conditions will reasonably assure the defendant's presence for future court appearances, or the safety of individuals or the community, if the defendant were to be released on bond. Therefore, the defendant shall be detained pending his trial.

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 *et seq.*); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.


Dated: May 21, 2007                                    s/ H. Bruce Guyton
                                                       United States Magistrate Judge