IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-145 |
| | ) | (Phillips / Guyton) |
| JESSE RONDALE BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 6, 2007, for a motions hearing and pretrial conference. Defendant Jesse Bailey was present with his attorney, James Reed. The government was represented by Assistant United States Attorneys Jeffrey Theodore and William Mackie. Before the Court were Mr. Bailey's Motion to Exclude 404(B) Evidence [Doc. 32] and the United States' Motion in Limine to Allow the Government to Impeach the Defendant's Credibility, Should He Testify [Doc. 36].

The parties reported to the Court their agreement as to United States' Motion in Limine [Doc. 36]. Mr. Bailey and the United States agree that if Mr. Bailey elects to testify at trial, the government may use his two prior felony convictions to impeach his credibility within Federal Rules of Criminal Procedure, Rule 609. These prior felony convictions are a conviction for facilitation

of second degree murder and a conviction for possession of cocaine for resale, both entered by Knox County Criminal Courts in 1999. The Court agrees with the parties that Rule 609 permits this type of impeachment, and Motion in Limine **[Doc. 36]** is **GRANTED**.

The Court heard argument of counsel on Mr. Bailey's Motion to Exclude 404(b) Evidence [Doc. 32]. Mr. Bailey challenges the government's use of his 1999 conviction for possession of cocaine for resale as Rule 404(b) evidence at trial.

Defendant Bailey argues in his motion that the probative value of the conviction is outweighed by a substantial danger of unfair prejudice. Mr. Bailey has filed four exhibits in support of this motion. Defendant Bailey asserts that this conviction is not substantially similar to the offense for which the defendant is being tried. Mr. Bailey also argues in his motion that the conduct underlying the 1999 conviction is not reasonably near in time to the instant offense alleged. For these reasons, Mr. Bailey argues, the 1999 possession of cocaine for resale has diluted probative value to any issue in this trial.

At the hearing, Mr. Bailey raised an additional objection to the use of the prior drug conviction: that the judgment is not reliable evidence that the defendant committed the underlying criminal acts alleged in the 1999 drug case because there is a question whether Mr. Bailey entered an Alford best-interest plea to the charge or plead guilty with an admission.

The United States argues that the 1999 possession of cocaine for resale conviction is appropriate for use as Rule 404(b) evidence. The government provided timely notice of its intent to use this conviction as 404(b) evidence. [Doc. 29]. The government argues that evidence of past drug distribution, when the defendant is charged with drug distribution, is particularly probative on

the issue of intent, anticipated to be contested at trial. [Doc. 34]. The government has set forth a belief that Mr. Bailey will present a defense position at trial that he was buying shoes from the individual to whom he is alleged to have sold cocaine. [Doc. 34]. The government asserts that the 1999 conviction is probative on the issue of intent because it is similar to this alleged crime: both involved sale of cocaine. The government disagrees with Mr. Bailey's argument that the acts underlying the 1999 drug conviction are remote in time to the events on trial here. The United States reports that Mr. Bailey was in prison for his two 1999 convictions from June 7, 1999, until May 13, 2005. The conduct alleged to have occurred in this case took place from early 2005 through May 2006. The government argues that this is a time span allowed by law, and reasonable considering that Mr. Bailey was in prison for all but a few months of that time [Doc. 34].

The exhibits before the Court reflect that Mr. Bailey was arrested on a state warrant for a drug transaction that took place on May 27, 1996. Mr. Bailey was alleged to have offered to sell 2.4 grams of cocaine to an undercover agent for $120. On March 29, 1999, Jesse Bailey executed a waiver of trial by jury and tendered a guilty plea before Knox County Criminal Court Judge Mary Beth Leibowitz [Doc. 32-3]. That document indicated that Mr. Bailey was represented by attorney Phillip Lomonaco, who had advised him of certain Constitutional rights. In exchange for the waiver and plea, the state recommended a sentence of eight years and a $2,000 fine. The manner of service of the eight year sentence was not agreed, and the waiver and plea indicates Mr. Bailey would apply to the sentencing court for probation. The state also agreed to enter a *nolle prosequi* on a number of minor driving offenses, listed in the document. After setting forth the agreements of the parties

and the defendant's waiver of trial and appellate rights, the form has areas for signatures by the defendant, defense counsel and the state attorney.

For the defendant, the form reads:

CERTIFICATE OF DEFENDANT

> I hereby certify that I have read the foregoing document or that it has been read to me. I understand what it says and I am in agreement that it is in my best interest to give up my right to a jury trial and enter a plea of guilty to the charge(s) listed in this document. I understand that the District Attorney General may make a recommendation to the Court about what my sentence(s) should be. I understand that the Court is not bound to follow this recommendation.
>
> [Doc. 32-3 at 6]

Immediately below this paragraph, the date is entered as March 29, 1999, and Mr. Bailey's signature is entered on the line for "defendant."

Following this section is "Certificate of Defense Attorney," signed by Attorney Lomonaco, which reads:

> I hereby certify and declare that my client has either read this foregoing document or that I have read it to him/her. I am satisfied that my client understands the contents of this document and that his/her decision to waiver his/her right to a trial by jury and to enter a plea of guilty has been made my him/her voluntarily, knowingly and intelligently.
>
> [Doc. 32-3 at 6]

Attorney Reed drew the Court's attention to the waiver and plea at page 4, ¶9. That paragraph reads:

> (9) WAIVER OF JURY TRIAL AND ENTRY OF GUILTY PLEA
> BEING AWARE OF MY CONSTITUTIONAL AND STATUTORY

4

> RIGHTS, I HEREBY WAIVE MY RIGHT TO A JURY TRIAL AND THOSE OTHERS LISTED ABOVE AND PLEAD GUILTY TO THE OFFENSES LISTED BELOW.
>
> My decision to plead guilty is voluntary and not the result of force or threats or of any promises apart from the plea agreement. **I am pleading guilty because [I committed the acts constituting the offense(s) to which I plead guilty] [because I feel it is in my best interest.]** ...

[Doc. 32-3][emphasis added].

Attorney Reed explained that a state court defendant should select one of the two alternate reasons given in ¶ 9 for the plea of guilty. Customarily the reason that does not apply to the defendant is crossed through by defense counsel. For example, the waiver form for a defendant who is tendering a plea of guilty and admitting his guilt to the crime would read:

> (9) WAIVER OF JURY TRIAL AND ENTRY OF GUILTY PLEA BEING AWARE OF MY CONSTITUTIONAL AND STATUTORY RIGHTS, I HEREBY WAIVE MY RIGHT TO A JURY TRIAL AND THOSE OTHERS LISTED ABOVE AND PLEAD GUILTY TO THE OFFENSES LISTED BELOW.
>
> My decision to plead guilty is voluntary and not the result of force or threats or of any promises apart from the plea agreement. I am pleading guilty because [I committed the acts constituting the offense(s) to which I plead guilty] [because I feel it is in my best interest.] ...

Attorney Reed argues that the form provides for both a plea of guilty and an Alford plea, indicated by the strike-out, and that neither option was indicated in Mr. Bailey's drug conviction. Attorney Reed argues that Mr. Bailey is entitled to the more favorable reading of the two possibilities: the best interest plea. As a best interest plea, Attorney Reed asserts that it is not an appropriate conviction for the evidentiary purposes proposed by the United States: to show intent, knowledge, or absence of mistake or accident, because the government cannot reliably demonstrate

that Mr. Bailey admitted to the 1996 conduct. Attorney Reed compared this conviction to a mail-in traffic citation, traditionally not admissible to demonstrate admission to the underlying offense. Attorney Reed argued that this drug conviction is less reliable than a typical conviction and that the ambiguous nature of the plea should be taken into consideration by this Court in weighing the probative value of this conviction.

The potential for prejudicial impact beyond that contemplated by Rule 404(b) is demonstrated by Mr. Bailey's problematic option of testifying at trial to explain the circumstances of his plea in the case. Attorney Reed argues that Mr. Bailey plead guilty to the long-pending drug charge as part of a package agreement that included a plea to facilitation of second degree murder. Attorney Reed explained that Mr. Bailey accepted the drug conviction, in part, in exchange for a reduction and favorable sentence in the homicide case. Mr. Bailey could not offer this information in rebuttal without informing the jury that he was charged and convicted in a murder case.

The United States has also filed a written response to Mr. Bailey's argument concerning ambiguity in the plea, raised at the motions hearing [Doc. 43]. The government argues that the certified copy of the prior conviction is sufficient evidence that Mr. Bailey did commit the prior drug conduct. The government cites to several cases where "no contest" pleas were allowed to be introduced into evidence under Rule 404(b), on the ground that the court of the judgment was bound to find a factual basis before accepting such a plea. [ [Doc. 43].

The Court first observes that the language of Rule 404(b) reads:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance

6

> of trial, or during trial if the court excuses pretrial notice on good cause
> shown, of the general nature of any such evidence it intends to introduce
> at trial.

The Sixth Circuit holds that use of a prior conviction as 404(b) evidence is probative as evidence of a material issue other than character if:

> (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or "in issue," and (3) the evidence is probative with regard to the purpose for which it is offered.
> United States v. Haywood, 280 F.3d 715, 720 (6th Cir. 2002).

First, the Court concludes the evidence is offered for an admissible purpose. Rule 404(b) expressly includes the issue of intent as a proper purpose for which to offer evidence of other acts. With respect to the second factor, the government has described the proposed use of the 1999 drug conviction is to show the defendant's intent should he present a defense that he was engaged in a legitimate business transaction. See United States v. Spikes, 158 F.3d 913, 930 (6th Cir. 1998)("Moreover, this court has held that Rule 404(b) evidence is admissible to prove intent if specific intent is a statutory element of the offense.... Possession with the intent to distribute is such an offense.") (citations omitted). The Court finds that intent will be "in issue" during Mr. Bailey's trial.

The Court will assess Mr. Bailey's argument pertaining to ambiguity of the 1999 plea within its analysis of whether the evidence is probative with regard to the purpose for which it is offered, as the argument challenges the reliability of the 1999 conviction as proof that the 1996 events took place. If the conviction were not reliable evidence of the earlier acts, its probative value would be lessened. Mr. Bailey's argument is essentially that his 1999 plea may well have

been a best-interest plea as provided by North Carolina v. Alford, 400 U.S. 25 (1970), because of the legal situation he found himself in on June 7, 1999, and not an admission to the acts alleged.

In Alford, the Supreme Court recognized the validity of a best-interest plea as a voluntary and intelligent choice among alternative courses of action open to a criminal defendant. Henry Alford was alleged to have entered a plea of guilty to a murder in order to avoid the death penalty, although he maintained his innocence throughout. The language of the Supreme Court described that Mr. Alford's factual denial was not relevant to the validity of his conviction, when accompanied by a plea with advice of competent counsel:

> Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment.

Alford, 400 U.S. at 32(citing Brady v. United States, 397 U.S. 742, 748 (1970); McCarthy v. United States, 394 U.S. 459 (1969)); c.f., Hudson v. United States, 272 U.S. 451 (1926) (implicit in the use of nolo contendere plea is a recognition that the Constitution does not bar imposition of a prison sentence "upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence.")

The waiver and plea form includes a certification by Mr. Bailey's attorney, Phillip Lomonaco, indicating that the lawyer has discussed the *plea of guilty* with his client. The Court concludes that the myriad considerations leading to Jesse Bailey's decision to submit a guilty plea to the 1999 cocaine case, whether or not they included an admission of actual guilt to attempting to sell cocaine to an undercover police officer on May 27, 1996, do not undermine the validity of the conviction or its probative value for purposes of Rule 404(b). Mr. Bailey submitted to a term

8

of eight years' imprisonment as the result of his plea, either because he was actually guilty or because it was in his best interest. The Supreme Court has held that there is not a Constitutional distinction:

> Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.[1]
>
> Alford, 400 U.S. at 37.

The Court finds the evidence is probative with regard to the purpose for which it is offered. The government has stated its intention to introduce evidence of the 1999 drug conviction to show that Mr. Bailey was not buying shoes from the subject. The passage of time and the relatively small quantity of cocaine in the 1999 case go to the weight of this evidence at trial and not its admissibility for the purpose stated.

The Court concludes that the evidence of the 1999 possession of cocaine for resale is offered for an admissible purpose, that the purpose for which the evidence is offered is material or "in issue," and that the evidence is probative with regard to the purpose for which it is offered.

---

[1] There has been no suggestion that the judge did not have a factual basis to accept the 1999 plea, as required by Tennessee Rules of Criminal Procedure, Rule 11.

IT IS ORDERED:

1. Motion to Exclude 404(B) Evidence [Doc. 32] is DENIED; and

2. Motion in Limine to Allow the Government to Impeach the Defendant's Credibility, Should He Testify [Doc. 36] is GRANTED.


IT IS SO ORDERED.

                              ENTER:

                              _____s/ H. Bruce Guyton_____
                              United States Magistrate Judge