UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JESSE RONDALE BAILEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:06-CR-145-TAV-HBG-1 |
| | ) | 3:16-CV-715-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 126]. In it, he challenges the propriety of his career offender designation based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the armed career criminal act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening Supreme Court decision [Doc. 130]. In response, Petitioner filed a motion re-characterizing his claim as one based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016) [Doc. 132]. For the reasons below, the United States' motion to deny and dismiss [Doc. 130] will be **GRANTED** and the supplemented § 2255 motion [Docs. 126, 132] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

In 2008, a jury convicted Petitioner on one count of conspiring to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846, one count of distributing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), and three

counts of distributing a mixture of substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) [Doc. 48–50, 90]. The United States Probation Office deemed Petitioner to be a career offender under section 4B1.1 of the United States Sentencing Guidelines [*See generally* Presentence Investigation Report (PSR)]. In accordance with that designation, this Court sentenced Petitioner to an aggregate term of 360 months' imprisonment [Doc. 90]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence [Doc. 101]. The Supreme Court denied Petitioner's request for a writ of certiorari on June 3, 2010 [Doc. 104].

On December 20, 2010, Petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255 [Doc. 105]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order entered on March 21, 2014 [Docs. 120, 121]. The Supreme Court decided *Johnson* on June 26, 2015. Petitioner obtained authorization to submit a successive § 2255 petition challenging his career offender designation based on that newly-issued decision [Doc. 125].

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, holding that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 128].

On March 28, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 130]. In response, Petitioner argues that *Beckles* does not foreclose relief because his is a challenge based on

*Descamps* and *Mathis*, not *Johnson*. Thus, according to Petitioner, the instant § 2255 motion contains two distinct theories for collateral relief. In the first, Petitioner argues that *Johnson* invalidated Section 4B1.2's residual clause, facilitation of second-degree murder only qualified as a crime of violence under that invalidated provision, and, without it, he lacks sufficient predicates for career offender enhancement [Doc. 126].[1] In the second, Petitioner argues that he lacks sufficient predicates for career offender enhancement because *Descamps* and *Mathis* prevent categorization of facilitation of second-degree murder as a crime of violence under the use-of-physical-force clause [Doc. 132].[2]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

[2] In *Descamps*, the Supreme Court clarified how sentencing courts should identify an offense when the prior conviction involved the violation of a "divisible" statute—one which "comprises multiple, alternative versions of the same crime." 133 S. Ct. at 2284. Specifically, the Court explained that the sentencing court should employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. The decision made clear that "the job . . . of the modified approach [was only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualified as a violent felony under the ACCA's definition of violent felony. *Id.* at 2285.

## II. TIMELINESS OF SUPPLEMENTED PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the

---

In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute—which defines "structure" to include any building, structure, [or] land, water, or air vehicle"—had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

supplemented petition depends on whether submission of the grounds for relief therein complied with subsections (f)(1) and (f)(3).

### A. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). Petitioner's conviction became final for purposes of § 2255(f)(1) on June 3, 2010. The window for requesting relief under that subsection expired on June 3, 2011, more than five-and-a-half years before Petitioner filed the instant petition.

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition and supplement after June 3, 2011, only his claim for collateral relief based on *Johnson* even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on

collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).

By contrast, Petitioner's *Descamps* and *Mathis*-based challenge to this Court's use of his prior conviction for facilitation of second-degree murder does not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3). *Mathis* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599 (1990), and refined in *Descamps,* to a new set of facts. *See Mathis*, 136 S. Ct. at 2281 (citing "longstanding principles" and noting that prior "cases involving the modified categorical approach [had] already made exactly [the same] point"); *Id.* at 2257 ("Our precedents make this a straightforward case. For more than [twenty-five] years, we have repeatedly made clear that application of the [Armed Career Criminal Act (ACCA)] involves, and involves only, comparing elements."); *see also Descamps*, 133 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolved this case."); *id* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). Thus, neither *Mathis* nor *Descamps* articulate a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year after the petitioner's conviction became final—was untimely"); *Henderson v. United States*, No. 16-00572, 2016 WL 4967898, at *2 (W.D. Mo. Sept. 16, 2016) ("[The] *Mathis* [decision] does not present a new rule or procedure."); *Leone v.*

6

*United* States, No. 95-00960, 2016 WL 4479390, at *8–9 (S.D. Fla. Aug. 24, 2016) (noting that the *Mathis* decision did not articulate a "new rule" within the meaning of subsection (f)(3)).

      **B.**    **Equitable Tolling of Subsection (f)(1)**

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the petition and CM/ECF record fail to reveal any extraordinary circumstance justifying Petitioner's failure to challenge the status of facilitation of second-degree murder under the use-of-physical-force clause within the window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the *Descamps* and *Mathis*-based claim is untimely, it will be dismissed.

### III. MOTION TO DISMISS WITH PREJUDICE

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles*. In response, Petitioner argues that *Beckles* does not foreclose relief because his is a challenge based on *Descamps* and *Mathis*, not *Johnson*. For the reasons that follow, the motion will be granted.

### IV. PETITION FOR POST-CONVICTION RELIEF

#### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

#### B. Timely Challenge Based on *Johnson*

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. Thus, *Johnson* does not justify vacatur of Petitioner's career offender designation.

## C. Untimely Challenge Based on *Descamps* and *Mathis*

Petitioner's alternative theory based on *Descamps* and *Mathis* would fail even if timely. Under the "Antiterrorism and Effective Death Penalty Act of 1996," a petitioner cannot file a successive claim in the district court until he has moved in the United States Court of Appeals for an order authorizing the district court to consider that theory of collateral relief. 28 U.S.C. § 2255(h); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the appellate] court, the district court shall transfer the document.").

> The Sixth Circuit said the following in its Order authorizing the instant petition:
>
> The Supreme Court has held, in a case involving the ACCA, that *Johnson* announced a new, "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Whether *Johnson* applies to the sentencing guidelines and, if so, whether it applies retroactively, will be decided by the Supreme Court this term. *See Beckles v. United States*, 136 S. Ct. 2510 (2016). In the meantime, we have authorized the filing of second or successive § 2255 motions in cases involving career offenders, finding that the argument that *Johnson* applies retroactively to the sentencing guidelines "easily" satisfies the prima facie standard. *In re Patrick*, 833 F.3d 584, 589 (6th Cir. 2016). And Bailey has made a sufficient prima facie showing that one of the predicate offenses for his career-offender designation—a Tennessee conviction for facilitation of second-degree murder—may have been counted under the residual clause. *See In re McDonald*, 514 F.3d 539, 544 (6th Cir. 2008) (noting that this is "not a difficult standard to meet" (citation omitted)).

[Doc. 125 p. 3]. Because the Sixth Circuit based its reasoning on the novelty and retroactive nature of *Johnson*'s holding, this Court interprets the grant of authorization as limited to those claims in Petitioner's supplemented § 2255 motion which either assert or rely on the "newly recognized" right from *Johnson*. *Accord Ziglar v. United States*, 201 F. Supp. 3d 1315, 1320–21 (M.D. Al. Aug. 11, 2016) (rejecting Petitioner's attempt to raise *Descamps*-based claim where

Eleventh Circuit granted authorization for successive petition based on *Johnson*). To the extent that Petitioner would like this Court to consider the merits of his alternative theory of collateral attack, he must first seek authorization for that specific claim in accordance with § 2255(h)(2).

## V.     CONCLUSION

For the reasons discussed above, the United States' motion to deny and dismiss [Doc. 130] will be **GRANTED** and Petitioner's supplemented § 2255 motion [Docs. 126, 132] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE