UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:06-CR-145-TAV-JEM-1 |
| JESSE RONDALE BAILEY, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's counseled motion for compassionate release [Doc. 156]. The government responded in opposition [Doc. 159], and defendant replied [Doc. 162]. For the reasons set forth more fully below, defendant's motion [Doc. 156] will be **DENIED**.

### I. Background

On August 15, 2007, a jury convicted defendant of a five-count superseding indictment; that is, conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841; and distribution of cocaine hydrochloride and crack cocaine, in violation of 21 U.S.C. § 841 [Docs. 18, 51]. On November 24, 2008, the Court sentenced defendant to 360 months' imprisonment followed by 10 years of supervised release [Doc. 90].

According to the Bureau of Prisons' website, defendant is presently scheduled for release on September 26, 2032. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 24, 2025).

## II.    Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute."  *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons.  Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

2

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 156].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct.

3

13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant submits that he satisfied the exhaustion requirement as evidenced by a copy of his request to the warden dated October 21, 2024 [Doc. 156-2]. The government does not appear to contest defendant's satisfaction of the exhaustion requirement [*See generally* Doc. 159]. Therefore, the Court will proceed to evaluate defendant's motion according to the three-step test explained above.

B. **Extraordinary and Compelling Reasons**

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13

4

is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as extraordinary and compelling grounds warranting his

5

release: (1) a change in the law resulting in a lower sentence today; (2) his rehabilitative efforts; and (3) other reasons pursuant to § 1B1.13(b)(5) [Docs. 156, 162].

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced

6

courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

The Court is mindful that the parties briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See* Docs. 156, 159, 162]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

Additionally, the Court notes that much of defendant's arguments under § 1B1.13(b)(5), the "other reasons" provision of the policy statement, relate directly to the disparity in sentencing that he would likely receive under today's law compared to that under which he was originally sentenced [*See* Doc. 156, pp. 17–22].[1] Indeed, several of the out of Circuit cases cited by defendant appear to have granted other defendants' motions on § 1B1.13(b)(5) grounds related to those defendants' § 1B1.13(b)(6) arguments, a pathway that has been foreclosed by the Sixth Circuit's decision in *Bricker*. *See* 2025 WL 1166016, at *1. While the Court recognizes the distinction suggested by defendant

---

[1] The Court also acknowledges defendant's arguments regarding his rehabilitative efforts; however, as noted by the government in its response, such arguments cannot provide an independent basis for relief and instead only supplement another meritorious provision of the policy statement [*See* Doc. 159, pp. 3–4 (citing U.S.S.G. § 1B1.13(d))].

7

between governing law and a policy change within the U.S. Department of Justice, these arguments ultimately confront the Sixth Circuit's "full stop" decision in *McCall* regarding the possibility that "a defendant might receive a different sentence today than he received years ago." *See* 56 F.4th at 1065. Therefore, the Court finds that defendant's arguments regarding the "other reasons" provision, *see* U.S.S.G. § 1B1.13(b)(5), similarly do not constitute extraordinary and compelling grounds for release.

Given that the Court has rejected each of defendant's extraordinary and compelling arguments, his motion [Doc. 156] is hereby **DENIED**. Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage.

## VII. Conclusion

For the reasons set forth more fully above, defendant's motion [Doc. 156] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE